UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS VERTIN, #135167,

       Plaintiff,

v.                                    CASE NO. 2:13-CV-15110
                                     HONORABLE GERSHWIN A. DRAIN

MICHAEL P. HATTY,

       Defendant.
_____/

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT[#10]**

## I.    Introduction

Michigan prisoner Dennis Vertin ("Plaintiff") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, challenging his state criminal proceedings, claiming that he was not provided a proper mental competency hearing in 1972, that he was prosecuted, convicted, and sent to prison while mentally incompetent in 1972-1973, and that the state courts failed to provide him with a hearing on post-conviction collateral review in 1999-2000. He named a state court judge as the sole defendant and sued him in his official capacity, seeking declaratory and injunctive relief.

This Court dismissed the complaint for failure to state a claim upon which relief may be granted under § 1983 based upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).

This matter is before the Court on Plaintiff's motion to alter or amend the judgment, filed pursuant to Federal Rule of Civil Procedure 59(e).  Plaintiff's motion must be denied.  A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Plaintiff raises such an issue in his motion.  The Court properly dismissed the complaint under *Heck*.  *See, e.g., Brown v. Michigan*, No. 08-10322, 2008 WL 920131 (E.D. Mich. April 3, 2008) (adopting report and recommendation finding that similar competency claim was not properly brought as a civil rights action); *Robinson v. Summit Co. Ct. of Common Pleas*, No. 5:06 CV 3099, 2007 WL 461297 (N.D. Ohio Feb. 7, 2007) (dismissing civil rights action raising a competency claim pursuant to *Heck*).

Plaintiff's reliance upon *Skinner v. Switzer*, _ U.S. _, 131 S. Ct. 1289 (2011) (claim requesting access to evidence for DNA testing was not barred by *Heck*), is misplaced.  Plaintiff does not assert that he should be given access to information such as mental health records nor does he challenge state competency hearing procedures themselves.  Rather, he claims that he was not given a proper competency hearing at the time of trial, was improperly deemed competent to stand trial by the trial court, was improperly denied a hearing or other relief on post-conviction collateral review by the state courts, and is improperly being held in state custody.[1]  If this Court were to grant Plaintiff relief, it would call the state court's competency determination, the state court's jurisdiction

---

[1] The documents attached to Plaintiff's complaint indicate that a competency evaluation was ordered before trial and a mental health expert issued a report finding Plaintiff competent.  No further issue of Plaintiff's competency was raised at trial or on direct appeal.  The matter was first raised by Plaintiff in a motion for relief from judgment filed in 1999, which was based upon a psychologist's report generated in 1998.

-2-

and rulings, the validity of his conviction, and his continued confinement into question. Such claims are more properly reviewed in a habeas action. In other words, competency issues "rank within the traditional core of habeas corpus and outside the province of 1983." *Skinner*, 131 S. Ct. at 1300 (discussing *Brady* claims); *see also Pate v. Robinson* 383 U.S. 375 (1966) (granting habeas relief on claim that Illinois trial court failed to conduct a competency hearing); *Franklin v. Bradshaw*, 695 F.3d 439 (6th Cir. 2012) (habeas case addressing petitioner's competency to stand trial and whether trial court was required to hold a competency hearing); *Getter v. Smith*, No. 12-11705, 2014 WL 320020 (E.D. Mich. Jan. 29, 2014) (adopting report and recommendation denying habeas relief on substantive and procedural competency claims); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 670-71 (E.D. Mich. 2002) (competency claims raise issues of substantive and procedural due process in federal habeas action).

Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). Accordingly, the Court **DENIES** Plaintiff's motion [#10].

SO ORDERED.

s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE